

FILED
SUPERIOR COURT
OF GUAM

2020 JUL 10 PM 2: 13

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0265-20** |
| | GPD Report No. 20-12634 |
| vs. | |
| | **DECISION AND ORDER** |
| **DEREK JULIAN SALAS QUINATA,** | (Defendant's Motion for Release) |
| DOB: 07/07/1994 | |
| **Defendant.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 6, 2020 upon an *ex parte* hearing for the release of **DEREK JULIAN SALAS QUINATA** ("Defendant") on personal recognizance. Defendant was represented by Public Defender Stephen Hattori. Assistant Attorney General Woodrow Pengelly represented the People of Guam ("the People"). After review of the legal arguments and authorities presented by the parties, the Court hereby **DENIES** Defendant's Motion for Release.

## BACKGROUND

On May 26, 2020, Defendant was charged with the offenses of Possession of a Schedule II Controlled Substance (as a Third Degree Felony), Possession of a Firearm Without a Firearms Identification Card (as a Third Degree Felony), Possession of an Unregistered Firearm (as a Third Degree Felony), three counts of Violation of a Court Order (as a Misdemeanor) and Vehicle Without Identification (as a Misdemeanor). Magistrate's Complaint (May 26, 2020). Defendant was committed to the Department of Corrections ("DOC") on May 16, 2020 and has been held since



ORIGINAL

then. Commitment Order (May 16, 2020). On June 12, 2020, Defendant filed an *Ex Parte* Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion for Release"). On June 22, 2020, the People responded with an Opposition to Defendant's Motion for Release from Confinement. A motion hearing was held on July 6, 2020, where the Court took the matter under advisement.

## DISCUSSION

A defendant shall be released on personal recognizance unless the available facts prove "such a release will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). Release of a defendant is determined on the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c). If release is deemed improper, a court shall impose the least onerous condition "reasonably likely to assure the [defendant's] appearance as required and the safety of any other person and the community." 8 GCA § 40.20. Conditions, which may be combined, include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 GCA § 40.20. See People v. Song, 2011 Guam 19 ¶ 11 ("Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others.")

To support his release on personal recognizance, Defendant states he: (1) is a life-long resident of Guam, (2) is currently employed with JJ Global, (3) has one dependent, (4) has a moderate Ohio Risk Assessment Score ("ORAS") score, (5) has been held since May 16, 2020 and (6) is financially unable to pay $5,000.00 cash bail. Mot. Release at 4 (June 12, 2020). Notwithstanding the above, the Court finds Defendant is unsuited for release on recognizance due to the nature and seriousness of his charges, his extensive criminal history, his frequent violations of court orders and the gravity of harm he poses to others.

**1. Crime and Punishment**

Defendant is charged with three third degree felonies and two misdemeanors. He also has two prior convictions, both for third degree felonies.[1] Hence, a conviction would permit sentencing pursuant to the following guidelines. For misdemeanors, individuals with a prior conviction face a maximum prison sentence of one year. 9 GCA § 80.34(a). For third degree felonies, individuals with a prior third degree conviction face a prison sentence between three to ten years. 9 GCA § 80.32(c). Judgment (Dec. 4, 2015); J. (Dec. 1, 2017). As such, a lengthy prison sentence may motivate

---

[1] *Infra* "Section 2. History and Character of Defendant."

Defendant to abscond from court jurisdiction. Defendant also faces charges involving the felonious possession of an unregistered firearm without a firearms identification card. The Court is particularly concerned as the firearm charges are dangerous in nature due to weapon's lethality and connection to criminal activity. The serious natures of these charges show a faculty for danger. Thus, the Court finds this factor weighs against Defendant's release.

## 2. History and Character of Defendant

Although some facts weigh towards Defendant's release, they are far outweighed by the negative determinants of his history and character, *i.e.*, his prior criminal record, his history of drug abuse, his record of prior releases and his recurrent incompliant conduct. Defendant has served sentences in four prior matters: CF0334-15 for Third Degree Robbery (as a Third Degree Felony), CF0163-16 for Forgery (as a Third Degree Felony), CF0737-17 for Possession of a Schedule II Controlled Substance (as a Third Degree Felony) and CF0368-19 for Possession of a Schedule II Controlled Substance (as a Third Degree Felony). Judgment (Dec. 4, 2015); J. (Dec. 1, 2017); Order After Hearing (Mar. 11, 2019); and OAH (Jan. 21, 2020). Judgments in CF0334-15 and CF0163-16 were sustained, but deferred guilty pleas were entered for CF0737-17 and CF0368-19. Id. Here, Defendant's prior criminal history suggests a high likelihood for reoffending. Case in point, excluding CF0334-15, all of Defendant's criminal matters transpired simultaneously with his probationary period. See First Violation Reports in CF0163-16, CF0737-17 and CF0368-19. For example, the instant matter allegedly occurred on May 15, 2020 despite his active probation status, which would not expire until November 2020 and October 2021. First Viol. Rpt (Jan. 28, 2020); First Viol. Rpt. (Feb. 14, 2020).

Defendant's recurrent behavior of incompliance strongly indicates he is unlikely to appear when required of him. Conditions he has frequently violated include appearing at court-ordered hearings, reporting to probation, attending group counseling, refraining from ingesting illicit drugs and obeying local laws. In fact, the issue of his nonappearance was so pervasive that five different warrants were issued for that violation alone. Defendant's previous violations as well as this case–if substantiated–show his continual abuse of illicit drugs. His repeated violations, particularly on supervised release, are strong indications that Defendant is unlikely to reappear as ordered if granted

release. This determination is not unfounded as Defendant was previously released on house arrest in another matter, yet still violated those conditions. Second Viol. Rpt (Sep. 9, 2016). Thus, the Court finds this factor strongly weighs against Defendant's release.

### 3. Danger to Others, Risk Assessment and Other Factors

As mentioned above, Defendant has a lengthy criminal history. Currently, Defendant is charged with possession of an unregistered firearm. In 2015, he was convicted on a felony robbery charge, which is an inherently dangerous crime. Not only is there a strong likelihood of recidivism, the possibility of Defendant recommitting a violent offense increases due to the intrinsic deadliness of a firearm. Defendant is assessed as a medium risk for nonappearance according to his moderate ORAS score. Order (May 29, 2020). Defendant also cites his inability to post bail, the threat of COVID-19 at the DOC and his pregnant wife as reasons to grant release; nevertheless, the Court is unpersuaded. Mot. Release at 4; Minute Entry at 9:32:11 (July 6, 2020). To be considered relevant, a factor must "bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released." 8 GCA § 40.15(c)(6). The relevance of any other factor outside this scope would be misplaced. Thus, the Court finds these factors weigh against Defendant's release.

Defendant has failed to provide reasonable assurance for his appearance as required and the safety of others. Thus, the Court finds release of Defendant on his own recognizance is improper and further finds his continued confinement to be the least onerous condition imposable.

### CONCLUSION

By a preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Defendant's Motion for Release.

A Further Proceedings hearing set for July 20, 2020 at 9:00 a.m.

**SO ORDERED** this ___10___ day of July 2020.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam